IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| OJORE MULUMBA AJAMU,<br><br>Plaintiff,<br><br>vs.<br><br>DOUGULAS COUNTY, NEBRASKA, CITY OF OMAHA, NEBRASKA, The; STATE OF NEBRASKA, The; DOUGULAS COUNTY DISTRICT COURT, The; DOUGULAS COUNTY CORRECTIONAL CENTER, The; NEBRASKA MEDICINE HOSPITAL, in Omaha; and OMAHA POLICE DEPARTMENT, The;<br><br>Defendants. | 8:22CV347<br><br>MEMORANDUM AND ORDER |

Plaintiff Ojore Mulumba Ajamu, a prisoner proceeding pro se, filed a pro se Complaint on October 3, 2022. Filing No. 1. Leave to proceed in forma pauperis was granted on November 1, 2022. Filing No. 8. The Court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915A(a), and 28 U.S.C. § 1915(e)(2), and, for the reasons set forth below, finds that it is, but that in lieu of dismissal, the Court sua sponte grants Plaintiff leave to amend.

**I. SUMMARY OF COMPLAINT**

Plaintiff alleges that he was wrongfully prosecuted and incarcerated at Nebraska Medicine Hospital by non-party prosecutor Thomas Patrick McKinney. Filing No. 1 at 5–

8. Specifically, Plaintiff alleges that when he was 26 years old, McKinney, as a prosecutor for the Douglas County District Court, brought charges against Plaintiff, but he was unable to secure a conviction as the jury returned an 11-1 finding of not guilty. *Id.* at 5. Plaintiff alleges that after McKinney was unsuccessful at the first trial, McKinney "made up" charges against Plaintiff resulting in his current incarceration. *Id.* at 6. Plaintiff, however, does not name McKinney as a defendant, instead naming Douglas County, Nebraska, the City of Omaha, Nebraska, the State of Nebraska, the Douglas County District Court, the Douglas County Correctional Center, the Nebraska Medicine Hospital, and the Omaha Police Department as defendants. *Id.* at 1–4 (specifically indicating McKinney is not a defendant in this action).

Plaintiff seeks $2,000,000,000 in damages for being incarcerated for twenty years for "nothing." *Id.* at 8.

## II. APPLICABLE STANDARDS ON INIITAL REVIEW

The Court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

## III. DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must

2

show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). While "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties," *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014) (internal quotation marks and citations omitted), pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Federal Rule of Civil Procedure 8 requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation ... be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). A complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (quoting *Twombly,* 550 U.S. at 555).

Plaintiff names Douglas County, Nebraska, the City of Omaha, Nebraska, the State of Nebraska, the Douglas County District Court, the Douglas County Correctional Center, the Nebraska Medicine Hospital, and the Omaha Police Department as defendants. Filing No. 1 at 1–2. The Complaint, however, contains no factual allegations from which this Court may reasonably infer that any defendant violated Plaintiff's rights under the United States Constitution or federal statutes. For example, while Plaintiff's

3

Complaint contains an allegation of retaliatory prosecution against non-party McKinney, the Court is unable to ascertain any connection between that allegation and the involvement of any of the named defendants. Therefore, as pleaded, Plaintiff's Complaint fails to state a plausible claim for relief against any of the named defendants. *See Krych v. Hvass*, 83 Fed.Appx. 854, 855 (8th Cir. 2003) (holding a court properly dismissed claims against defendants where pro se complaint was silent as to the defendants except for their names appearing in the caption).

As Plaintiff's Complaint falls far short of federal pleading standards, it is subject to preservice dismissal under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. However, even if Plaintiff had connected his claims to each individual defendant, and even given the most liberal construction of his Complaint, Plaintiff's claims against defendants the State of Nebraska,[1] the Omaha Police Department,[2] the Douglas County District Court,[3] and the Douglas County Correctional Center[4] fail as these parties are not proper defendants. As Plaintiff cannot continue

---

[1] A state, its agencies and instrumentalities, and its employees in their official capacities generally are not considered "persons" as that term is used in § 1983, and are not suable under the statute, regardless of the forum where the suit is maintained. *See Hilton v. South Carolina Pub. Railways Comm'n*, 502 U.S. 197, 200-01 (1991); *see also McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008) (states, arms of the state, and state officials acting in their official capacities are not subject to suit under § 1983). In addition, the Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities, and state employees sued in their official capacities. *See, e.g., Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 446-47 (8th Cir. 1995).

[2] Police departments are not suable entities under § 1983. *Ketchum v. City of West Memphis, Ark.,* 974 F.2d 81, 82 (8th Cir. 1992); *De La Garza v. Kandiyohi County Jail,* 2001 WL 987542, at *1 (8th Cir. 2001) (sheriff's departments and police departments are not usually considered legal entities subject to suit under § 1983).

[3] A county court is a state entity and is immune from suits at law and equity under the Eleventh Amendment to the U.S. Constitution. *See Cory v. White,* 457 U.S. 85, 90–91 (1982).

[4] "[C]ounty jails are [also] not legal entities amenable to suit." *Richmond v. Minnesota*, No. CIV. 14-3566 PJS/JSM, 2014 WL 5464814, at *3 (D. Minn. Oct. 27, 2014) (citing *Owens v. Scott Cnty. Jail,* 328 F.3d 1026, 1027 (8th Cir.2003) (per curiam)). Therefore, Plaintiff's claims against Douglas County Correctional Center cannot proceed and also must be dismissed with prejudice.

against these defendants, they must be dismissed with prejudice. Moreover, Plaintiff's claims against the remaining defendants, while potentially cognizable, require significant amendment to proceed.

The City of Omaha and/or Douglas County could be proper defendants, but "[t]o establish municipal liability, a plaintiff must first show that one of the municipality's officers violated [a plaintiff's] federal right." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010) (citing *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (per curiam); *Sanders v. City of Minneapolis,* 474 F.3d 523, 527 (8th Cir. 2007)). Then, even if that element is satisfied "a plaintiff must establish the requisite degree of fault on the part of the municipality and a causal link between municipal policy and the alleged violation." *Id.* (citing *City of Canton v. Harris*, 489 U.S. 378, 388-92 (1989)).

To prevail on a claim against the City of Omaha or Douglas County a plaintiff must show that the constitutional violation resulted from (1) an official "policy," (2) an unofficial "custom," or (3) a deliberately indifferent failure to train or supervise. *Corwin v. City of Independence*, 829 F.3d 695, 699 (8th Cir. 2016). "Official policy involves 'a deliberate choice to follow a course of action . . . made from among various alternatives' by an official who has the final authority to establish governmental policy." *Jane Doe A By & Through Jane Doe B v. Special Sch. Dist. of St. Louis Cty.*, 901 F.2d 642, 645 (8th Cir. 1990) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)). Alternatively, a plaintiff may establish municipal liability through an unofficial custom of the municipality by demonstrating:

> (1) the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees; (2)

deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and (3) that plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation.

Malone v. Hinman, 847 F.3d 949, 955 (8th Cir. 2017) (quoting Corwin, 829 F.3d at 699-700). A municipal liability claim based on a theory of inadequate training or supervision is simply an extension of a claim based on a "policy" or "custom" theory of municipal liability. Marsh v. Phelps Cty., 902 F.3d 745, 751 (8th Cir. 2018).

Plaintiff's Complaint contains no allegations from which it may reasonably be concluded that either the City or the County violated Plaintiff's rights as the result of an official policy, an unofficial custom, or a failure to train and supervise. As such, Plaintiff's claims against the City of Omaha and Douglas County must be dismissed as pleaded.

Finally, Plaintiff seeks only financial damages as relief, and alleges only mental anguish from his incarceration, but no physical injuries. Filing No. 1; Filing No. 1-1; Filing No. 1-2. 42 U.S.C.A. § 1997(e) forbids recovery by incarcerated persons "for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." As such, to the extent Plaintiff alleges only mental anguish resulting from the allegedly violative acts, and he seeks only money damages as relief, but alleges no physical injury or the commission of a sexual act, his claims against all defendants are barred under § 1997(e).[5]

---

[5] To the extent Plaintiff seeks immediate release or a shortening of the duration of his confinement, a habeas petition filed under 28 U.S.C. § 2254(a) (permitting claims by a person being held "in custody in violation of the Constitution"), and not a § 1983 action, is the appropriate statute under which to proceed. Wilkinson v. Dotson, 544 U.S. 74, 79 (2005).

### III. CONCLUSION

For the reasons set forth herein, Plaintiff's Complaint fails to state a claim upon which relief may be granted against any named Defendant and is subject to preservice dismissal under 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2). While the Court shall dismiss defendants the State of Nebraska, the Omaha Police Department, and Douglas County Correctional Center from the proceeding, on the Court's own motion, Plaintiff will be given 30 days in which to file an amended complaint that states a plausible claim for relief against any or all of the remaining Defendants and clearly explains what each Defendant did to him, when Defendants did it, and how Defendants' actions harmed him. Plaintiff is advised that any amended complaint he files will supersede his original Complaint.

IT IS THEREFORE ORDERED that:

1. All claims against defendants the State of Nebraska, the Omaha Police Department, the Douglas County District Court, and Douglas County Correctional Center are dismissed with prejudice. The Clerk of Court is directed to terminate State of Nebraska, the Omaha Police Department, the Douglas County District Court, and Douglas County Correctional Center as parties in this case.

2. Plaintiff shall have until 30 days from the date of this Memorandum and Order to file an amended complaint that clearly states a claim or claims upon which relief may be granted against any or all remaining named Defendants in accordance with this Memorandum and Order. If Plaintiff fails to file an amended complaint, this matter will be dismissed without further notice.

3. The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2), in the event he files an amended complaint.

4. The Clerk's Office is directed to set a pro se case management deadline in this case using the following text: **November 6, 2023:** Check for amended complaint.

Dated this 6th day of October, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Court